## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DOGWATCH, INC., ET AL.<br>AS PER ATTACHED SCHEDULE<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES TRADE<br>REPRESENTATIVE; U.S. CUSTOMS &<br>BORDER PROTECTION,<br><br>Defendants. | Court No. 23-00070 |

## **COMPLAINT**

Plaintiffs, by and through their attorneys, allege and state as follows:

1. This action contests Defendants' unlawful actions taken by reference to the Trade Act of 1974 ("Trade Act"); specifically, the untimely and unauthorized imposition of the third and fourth round of tariffs on products covered in the United State Trade Representative's ("USTR") *Section 301 Action Concerning China's Act's, Policies, and Practices Related to Technology, Transfer, Intellectual Property and Innovation*.

2. The actions taken against the third round of tariffs, which are being challenged, were set forth in the Federal Register on September 21, 2018. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 and Annexes (Sept. 21, 2018) (hereinafter referred to as "List 3"). The actions taken against the fourth round of tariffs, which are being challenged, were set forth in the Federal Register on August 20, 2019 and August 30, 2019. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 and Annexes (Aug. 20, 2019) modified by *Notice of*

1

*Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 45,821 (Aug. 30, 2019) (hereinafter referred to as "List 4").

3.  This complaint seeks declaratory judgement that defendants' actions are beyond the specific delegated authority of the Trade Act, are *ultra vires* and contrary to law, and in violation of the Administrative Procedure Act and the United States Constitution.

## JURISDICTION

4.  The Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1581(i)(1)(B) and (D).

## PARTIES

5.  Plaintiffs are U.S. importers that have paid the tariffs required for products subject to the additional ad valorem duties under List 3 and List 4.

6.  Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

7.  The Office of the USTR is an executive agency of the United States charged with investigating a foreign country's trade practices under Section 301 of the Trade Act and implementing "appropriate" responses, subject to the direction of the President. USTR conducted the Section 301 investigation at issue and made the decisions underlying List 3 and List 4.

8.  Defendant U.S. Customs & Border Protection ("CBP") is the agency that collects duties on imports and in this matter collected the tariffs imposed by USTR under List 3 and List 4.

## STANDING

9.  Plaintiffs have standing to sue under 5 U.S.C. § 702 and 28 U.S.C. § 2631(i) because they were assessed with duty, and did pay, the tariffs imposed by Defendants pursuant to the

promulgation of List 3 and List 4 and were, thereby, "adversely affected and aggrieved by agency action".

## **RELEVANT LAW**

10. Section 301 of the Trade Act authorizes USTR to investigate a foreign country's trade practices. 19 U.S.C. § 2411(b). If the investigation reveals an "unreasonable or discriminatory" practice, USTR may take "appropriate" action, such as imposing tariffs on imports from the country that administered the unfair practice. *Id.* § 2411(b), (c)(1)(B).

11. Section 304 of the Trade Act requires USTR to determine what action to take, if any, within twelve (12) months after the initiation of the underlying investigation. *Id.* § 2414(a)(1)(B), (2)(B).

12. Section 307 of the Trade Act (in pertinent part) allows USTR to "modify or terminate" an action taken pursuant to Section 301 of the Trade Act either when the "burden or restriction on United States commerce" imposed by the investigated foreign country's practice has "increased or decreased" or when the action "is no longer appropriate." Id. § 2417(a)(1)(B), (C).

13. 5 U.S.C. § 706(2) provides that a court may hold unlawful and set aside agency action, findings and conclusions found to be –

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(C) without observance of procedure required by law;

(D) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title

or otherwise reviewed on the record of an agency hearing provided by statute.

14. U.S. Const. art. I, § 8 provides that the power to "lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common defence [sic] and general Welfare

of the United States" is vested solely in Congress.

## TIMELINESS OF THE ACTION

15. Plaintiffs have commenced this action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrued." 28 U.S.C. § 2636(i).

## FACTS

16. The Office of United States Trade Representative ("USTR") initiated an investigation into China's unfair intellectual property policies and practices pursuant to Section 301 of the Trade Act (19 U.S.C. § 2411) on August 18, 2017.

17. Section 304 of the Trade Act (19 U.S.C. § 2414) required USTR to determine what action to take, if any, within 12 months after initiation of that investigation.

18. USTR failed to make a determination to impose tariffs upon goods described under either List 3 or List 4 within the 12-month window.

19. Section 307 of the Trade Act (19 U.S.C. § 2417) does not permit USTR to expand the imposition of tariffs to other imports from China for reasons unconnected to the unfair intellectual property policies and practices it originally investigated under Section 301 of the Trade Act.

20. The "modification" authority under Section 307 of the Trade Act (19 U.S.C. § 2417) does not serve to salvage List 3 or List 4. The List 3 and List 4 duties were imposed not to remedy the unfair intellectual property policies but solely in response to China's retaliatory duties and other unrelated issues.

21. The Trade Act does not allow the USTR to increase the actions it has already taken when the Agency deems the existing tariffs to be "no longer appropriate." In such cases the Trade Act only permits USTR to delay, taper, or terminate its actions when the existing actions are "no longer appropriate." 19 U.S.C. § 2417(a)(1)(C).

22. In implementing the List 3 and List 4 tariff actions, Defendants

   (1) failed to provide sufficient opportunity for comment;

   (2) failed to consider relevant factors when making its decision, including the absence of any analysis of the supposed "increased burden" imposed on U.S. commerce from the unfair policies and practices that it originally investigated; and

   (3) failed to justify its decision to the record of the agency proceeding. For example, USTR made no mention of how the 6,000 comments made on List 3 and the 3,000 comments received on List 4 impacted its decision-making in the promulgation of either List 3 or List 4.

Accordingly, Defendants implementation of the List 3 and List 4 tariff actions was arbitrary and in violation of the Administrative Procedure Act ("APA")

23. USTR's imposition of duties outside the specific delegated authority from the Trade Act is unconstitutional and contrary to law.

24. The Court should set aside Defendants' actions as *ultra vires* and otherwise contrary to law, as well as order Defendants to refund (with interest) any duties paid by Plaintiffs pursuant to List 3 and List 4.

## CLAIMS

### FIRST CAUSE OF ACTION

### (DECLARATORY JUDGMENT—VIOLATION OF THE TRADE ACT OF 1974

25. Paragraphs 1 through 24 are incorporated by reference.

26. The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

27. The Trade Act does not authorize the actions taken by Defendants that resulted in the List 3 and List 4 tariffs.

28. USTR failed to tie its actions giving rise to List 3 and 4 tariffs to its original 301 determination that China's intellectual property policies and practices were unreasonable or discriminatory and burdened or restricted United States commerce as required by 19 U.S.C. § 2411(b).

29. USTR failed to "determine what action, if any," to take that would allow for the imposition of List 3 or List 4 tariffs within 12 months after the date on which the investigation is initiated." 19 U.S.C. § 2414(a)(1)(B), (2)(B).

30. Section 307 of the Trade Act does not permit Defendants to increase tariffs for reasons unrelated to the acts, policies, or practices that USTR originally investigated pursuant to Section 301 of the Trade Act. Congress did not authorize USTR to impose the List 3 and List 4 tariffs beyond the scope of the agency's authority set out in 19 U.S.C. § 2417(a)(1)(B).

31. Section 307 of the Trade Act does not authorize Defendants to *increase* tariff actions that are no longer "appropriate," but rather only to delay, taper, or terminate such actions 19 U.S.C. § 2417(a)(1)(C). Defendant's actions were an unlawful attempt to increase the tariff actions initiated with the commencement of the 301 Investigation.

32. On the basis of the foregoing, Plaintiffs are entitled to a declaratory judgment that Defendants' actions giving rise to List 3 the List 4 are *ultra vires* and contrary to law.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

33. Paragraphs 1 through 24 are incorporated by reference.

34. The APA, 5 U.S.C. § 706(2), authorizes the Court to hold unlawful and set aside

agency action that is:

> "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law; [or]
>
> (E) unsupported by substantial evidence."

35. Defendants exceeded their authority under the Trade Act in promulgating List 3 and List 4 and therefore acted "not in accordance with the law" and "in excess of statutory authority" for the reasons set forth in Count One.

36. Defendants failed to offer any evidence for any asserted "increased burden" from China's intellectual property policies and practices that were the subject of USTR's original Section 301 investigation and determination.

37. Defendants also promulgated List 3 and List 4 without providing sufficient opportunity for comment, for a manifest failure to meaningfully consider relevant factors when making their decisions, and for a failure to support the Agency's rationale. Defendants' decision-making process in this matter resulted in the unlawful imposition of tariffs on imports covered by List 3 and List 4 that was both arbitrary and capricious.

* * *

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court

(1) declare that the tariffs on products covered by List 3 and List 4 are unauthorized by the Trade Act and contrary to law;

(2) declare that Defendants promulgated List 3 and List 4 in violation of the standards of the APA as the actions were arbitrary and capricious and in violation of constitutional standards;

(3) declare void and vacate the determinations imposing tariffs on products subject to List 3 and List 4;

(4) permanently enjoin Defendants from applying List 3 and List 4 against Plaintiffs and collecting any past and future duties from Plaintiffs pursuant to List 3 and List 4;

(5) order and direct Defendants to refund all duties assessed pursuant to List 3 and List 4, with interest as provided by law;

(6) award Plaintiffs their costs and reasonable attorney fees; and

(7) grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Patrick D. Gill
Patrick D. Gill
Gilbert Lee Sandler*
T. Randolph Ferguson***
Larry Ordet*
David E. Cohen**
Kristen Smith**
Mark Tallo**

Dated: March 20, 2023

        S<small>ANDLER</small>, T<small>RAVIS</small> & R<small>OSENBERG</small>, P.A.
        675 Third Avenue, Suite 1805-06,
        New York, NY, 10017
        Tel: (212) 549-0156

        *S<small>ANDLER</small>, T<small>RAVIS</small> & R<small>OSENBERG</small>, P.A.
        5835 Blue Lagoon Drive, Suite 200
        Miami, Florida 33126
        305-894-1000

        **S<small>ANDLER</small>, T<small>RAVIS</small> & R<small>OSENBERG</small>, P.A.
        1300 Pennsylvania Ave.,
        N.W., Suite 400
        Washington, D.C. 20004
        202-730-4955

        ***S<small>ANDLER</small>, T<small>RAVIS</small> & R<small>OSENBERG</small>, P.A.
        414 Jackson Street
        Suite 200
        San Francisco, CA 94111
        415-490-1401

        *Attorneys for Plaintiffs*

**SCHEDULE**

Dogwatch, Inc.
AutoCell Electronics, Inc.
Flip Electronics, LLC
Free Lance Sales, Ltd.

## **CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that copies of Plaintiffs' Summons and Complaint will be served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

General Counsel Greta Peisch
Office of the General Counsel
Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC 20006

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

  /s/ Patrick D. Gill
Patrick D. Gill